# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES S. CHAMBERS, | : |
| Plaintiff, | : |
| vs. | : No. |
| ERIC FANNING, in his official capacity as ACTING SECRETARY OF THE ARMY, | : |
| Defendant | : |

## COMPLAINT

### INTRODUCTION AND JURISDICTIONAL STATEMENT

1. This is an action in the nature of an extraordinary writ petition brought under 28 U.S.C. § 1651 to compel the Defendants to issue a final agency action as defined by 5 U.S.C. § 501 etc. (Administrative Procedures Act).

2. Plaintiff is James S. Chambers, a citizen and resident of the State of Florida. He resides at 5434 County Highway 181E, Westville, FL 32464.

3. Defendant is Eric Fanning, in his official capacity as Acting Secretary of the Army. He has his principal office at 101 Defense Pentagon, Washington, DC 20310-0101.

4. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal question

1

jurisdiction) and 28 U.S.C. § 1361 (Mandamus jurisdiction).

## STATEMENT OF FACTS

5. Louis Caldera was the Secretary of the Army from July 2, 1998 through January 20, 2001 who delegated the consideration of applications for change of military discharge to the Army Board for Correction of Military Records.

6. Pete Geren was the Secretary of the Army from March 9, 2007 to September 21, 2009 who delegated the consideration of applications for change of military discharge to the Army Board for Correction of Military Records.

7. John McHugh was Secretary of the Army from September 21, 2009 to November 1, 2015 who delegated the consideration of applications for change of military discharge to the Army Review Boards Agency and to the Army Board for Correction of Military Records.

8. Eric Fanning is the current Acting Secretary of the Army who delegated the consideration of applications for change of military discharge to the Army Review Boards Agency and to the Army Board for Correction of Military Records.

9. Francine Blackmon is from on or about July, 2013 to the date of this Petition, the Undersecretary of the Army for Review Boards who has been delegated authority to refer applications for change of discharge to the Army Board for Correction of Military Records.

10. Sarah Bercaw is from on or about July 2013 to the date of this Petition, the Executive Director of the Army Board for Correction of Military Records who has been delegated authority by the Army Board for Correction of Military Records to review and assess applications for change of discharge.

11. Karl F. Schneider was an agent and employee of the Army Board for Correction of Military Records on March 31, 2000.

12. Phyllis Carrington was an agent and employee of the Army Board for Correction of Military Records from on or about June 30, 2000 to on or about September 27, 2000.

13. On or about March 6, 2008, Catherine C. Mitrano, was the Administrator for the Army Review Boards Agency, and an agent and employee of the Army Review Boards Agency.

14. Rich Schwiegert was an agent and employee of the Army Review Boards Agency from on or about October 27, 2009 to September 22, 2010

15. Matthew B. Coleman was Acting Chief, Congressional and Special Actions,

Army Review Boards Agency on or about May 28, 2014.

16. At all relevant times, from July 2008 to the date of this complaint, the Army Review Boards Agency was responsible for management of subordinate boards, including the Army Board for Correction of Military Records.

17. From on or about July 19, 1999 to the date of this complaint, the Army Board for Correction of Military Records was responsible for review and consideration of applications for change of discharge and for motions to reconsider previous decisions on applications for change of discharge.

18. On or about July 19, 1999 James S. Chambers, the Petitioner, filed his Discharge Review Petition with Army Board for Correction of Military Records.

19. Mr. Chambers alleged in his Discharge Review Petition that he suffered from post-traumatic stress disorder at the time of his discharge that made him unfit for further military service as an artilleryman and Mr. Chambers requested a change of discharge to reflect his disability and to be medically retired from the Army.

20. Mr. Chambers' original application for change of discharge to medical discharge due to unfitness for military service was denied on March 31, 2000.  See Letter from Army Board for Correction of Military Records to

James S. Chambers attached as Exhibit A to this complaint and incorporated by reference.

21. On June 7, 2000 Mr. Chambers appealed the March 31, 2000 decision to Louis Caldera, Secretary of the Army, who referred Mr. Chambers to the Army Board for Correction of Military Records for reconsideration.

22. On September 27, 2000, Phyllis A. Carrington chief analyst for the Army Board for Correction of Military Records sent a letter to Mr. Chambers stating that his discharge review application was forwarded to the Reconsideration Team for review, as shown by copy of letter attached as Exhibit B to this petition and incorporated by reference.

23. Mr. Chambers filed an appeal with the U.S. Court of Federal Claims on July 25, 2003.

24. The U.S. Court of Federal Claims issued its order on July 12, 2004, affirming the Army Board for Correction of Military Records as shown by copy of memorandum attached as Exhibit C to this petition and incorporated by reference.

25. Mr. Chambers filed a timely notice of appeal to the U.S. Court of Appeals for the Federal Circuit on August 11, 2004.

26. The U.S. Court of Appeals for the Federal Circuit affirmed the Court of

Federal Claims on August 1, 2005, as shown by copy of opinion, attached as Exhibit D to this petition and incorporated by reference.

27. Mr. Chambers filed a Petition for Certiorari with the U.S. Supreme Court on October 3, 2005. The U.S. Supreme Court denied certiorari on December 5, 2005, as shown by entry attached as Exhibit E and incorporated by reference.

28. In October 2006, counsel for Mr. Chambers took a deposition by question and answer from Mrs. Mary Chambers, mother of James S. Chambers. A copy of her question and answer deposition is attached as Exhibit F and incorporated by reference.

29. On June 7, 2007, counsel for Mr. Chambers submitted Mr. Chambers' military service records, military medical records and civilian medical records, including Mrs. Mary Chambers' deposition to Dr. Neil S. Kaye, M.D. a board certified forensic psychiatrist for review.

30. On September 18, 2007, Dr. Neil S. Kaye, M.D. submitted his report, concluding that Mr. Chambers was unfit for active duty in the Army at the time of his discharge because Mr. Chambers was suffering from post-traumatic stress disorder. A copy of Dr. Kaye's report is attached as Exhibit G and incorporated by reference.

31. On October 30, 2007, Mr. Chambers submitted his second motion to reconsider to the Army Board of Corrections of Military Records accompanied by new and material evidence showing that he was unfit for military service in his military specialty in 1970, the date of his release from active duty as shown by copy of motion attached as Exhibit H and incorporated by reference.

32. On March 6, 2008, Catherine C. Mitrano, Administrator for the Army Review Boards Agency, refused to accept the filing because the motion to reconsider was not filed within one year of the original 2000 decision and because Army Regulation (AR) 15-185 ¶ 2.15 precluded a second motion to reconsider, as shown by her letter attached as Exhibit I and incorporated by reference.

33. On October 27, 2009, the Secretary of the Army submitted Mr. Chambers' motion to reconsider to the Board for action as shown by letter from Rick Schwiegert to Mr. Chambers dated October 27, 2009 attached as Exhibit J and incorporated by reference.

34. On September 22, 2010 Rick Schweigert notified Mr. Chambers that his Motion to Reconsider was rejected on the ground that AR 15-185 ¶ 2.15 precluded a second motion to reconsider.

35. Mr. Chambers sought assistance from the Office of the President of the United States on May 17, 2012, a request repeated on October 23, 2012, as shown by letter of Mr. Chambers' counsel to the President attached as Exhibit K and incorporated by reference.

36. The Office of the President sent Mr. Chambers' request for assistance to the Army Board for the Correction of Military Records which again rejected Mr. Chambers' Motion to Reconsider on the ground that AR 15-185 ¶ 2.15 precluded a second motion to reconsider as shown by letter of Rick Schweigert to Mr. Chambers and letter of Conrad Meyer to Mr. Chambers attached as Exhibit L and incorporated by reference.

37. On May 1, 2014, Mr. Chambers resubmitted his motion to reconsider raising for the first time the issue that AR 15-185 ¶2.15 was not intended to have retroactive application to a discharge review petition filed prior to its adoption in 2006.  A copy of Mr. Chambers' 2014 motion to reconsider is attached as Exhibit M and incorporated by reference.

38. On May 28, 2014, Matthew B., Coleman, Acting Chief, Congressional and Special Action notified Mr. Chambers that Mr. Chambers' latest motion to reconsider would be filed without action as shown by copy of letter attached as Exhibit N and incorporated by reference.

## CAUSE OF ACTION

39. AR 15-185 ¶ 2.15 (codified at 32 C.F.R. § 581.3), the regulation by which the Board Administrator rejected Mr. Chambers' motion to reconsider was wrongfully applied retroactively to Mr. Chambers' motion to reconsider because Congress did not expressly or impliedly authorize the Board or the Department of the Army to adopt a retroactive regulation.

40. Since ¶ 2.15 cannot be retroactively applied to any of Mr. Chambers' motion to reconsider, the rejection of his motions to reconsider by staff members of the Army Board for Correction of Military Records were not a final agency decision and were not appealable decisions under section 5 of the Administrative Procedures Act.

41. AR 15-185 ¶2.15 was adopted contrary to law and is void. The regulation was enacted in response to the decision of the District Court in *Lipsman v. Secretary of the Army*, 335 F. Supp. 2d 248 (D.D.C 2004), which held that staff members of the Board could not be given final authority to adjudicate reconsideration cases. However, instead of implementing the court's decision by having staff recommendations approved by board members, the Army decided to cut off the right of veterans to seek reconsideration after

one-year. The regulation is arbitrary and capricious because the Army failed to consider all relevant factors in promulgating it, and the Army considered factors it should not have considered.

42. The Army Board for Correction of Military Records refusal to act on Mr. Chambers' motion to reconsider in 2007, 2010, 2012 and 2014 was a denial of due process of law, because Mr. Chambers had an entitlement to military disability retirement benefits or severance pay that was foreclosed arbitrarily and capriciously without consideration or hearing by the Board contrary to the 5th Amendment to the U.S. Constitution.

43. The Board has not made a final decision on the merits from which Mr. Chambers may seek judicial review of its decision.

WHEREFORE, James S. Chambers, by counsel, respectfully requests that the Court:

1. Direct the Army Board for Correction of Military Records to docket his 2014 motion to reconsider the award of military disability retirement benefits relating back to the date of his release from active duty, hear and determine the motion and for all other relief.

2. Declare the Army's enactment of the one-year limitation period to seek

reconsideration in AR 15-185 ¶ 2.15 and 32 C.F.R. § 581.3 to be arbitrary, capricious, and contrary to law.

                                      Respectfully submitted

                                      *Jason W. Manne*
                                      Jason W. Manne
                                      Adjunct Professor of Law

Dated: December 30, 2015
Pitt Law Veterans Practicum
3900 Forbes Avenue
Pittsburgh, PA 15260
Tel:  (412) 648-1285
Fax:  (412) 648-2647